O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | | Date | October 27, 2009 |
|---|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

On February 3, 2009, Plaintiffs Tommy Mayfield, Joseph Palacios, Alvaro Heredia, Angel Gonzalez, and Rigoberto Ambriz filed suit against Defendant Kaiser Foundation Health Plan, Inc. in Los Angeles Superior Court, alleging breach of contract and ten other claims based on the employer/employee relationship between Defendant and Plaintiffs. Defendant removed the case to this Court on March 27, 2009 based on preemption, alleging that because the employment relationship was governed by a union Collective Bargaining Agreement ("CBA"), the complaint was preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

On June 22, 2009, Plaintiffs amended their complaint to eliminate the breach of contract claim. The First Amended Complaint ("FAC") now includes ten claims.[1] Plaintiffs allege that Defendant forced them to work "off-the-clock," without meal breaks, and in hazardous conditions—exposure to asbestos—in violation of state labor law. FAC ¶¶ 11-14. Plaintiffs Palacios, Heredia, Gonzalez, and Ambriz further allege that they were illegally terminated from their positions with Defendant when they

---

[1]The claims are: 1) violation of Cal. Labor Code § 201; 2) violation of Cal. Labor Code § 226; 3) violation of Cal. Labor Code § 226.7; 4) violation of Cal. Labor Code § 232.5; 5) violation of Cal. Labor Code § 510; 6) violations of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; 7) wrongful termination in violation of public policy; 8) violation of Cal. Labor Code § 6310; 9) violation of Cal. Labor Code § 98.6; and 10) violation of Cal. Gov. Code § 12945.2.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

complained about these violations. FAC ¶ 16. Plaintiff Mayfield is still employed by Defendant and alleges that Defendant has refused to allow him medical leave as required under the California Family Rights Act, Cal. Gov. Code § 12945.2. FAC ¶ 18.

On July 13, 2009, Defendant filed this motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiffs' claims are preempted for several reasons. First, Defendant argues that Plaintiffs cannot proceed in federal court because they failed to exhaust the dispute resolution procedure specified in their CBA. Plaintiffs counter that they attempted to exhaust this procedure, but the union arbitrarily refused to pursue their claims. FAC ¶ 17. Defendant also argues that Plaintiffs' entire FAC—or alternatively individual claims within the FAC—are preempted by § 301 of the LMRA. Finally, Defendant asserts that provisions within the California Labor Code *preempt* claims one, three, and five.

For the following reasons, the Court GRANTS in part and DENIES in part Defendant's motion.[2]

## II. LEGAL STANDARD GOVERNING A 12(b)(6) MOTION

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair

---

[2]Docket No. 13.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

> notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III. DISCUSSION

Defendant brings a number of distinct preemption arguments in favor of its motion to dismiss. First, it argues that section 301 preempts the entire FAC because the CBA contains an exclusive grievance and dispute resolution process, which was not exhausted.[3] Second, it asserts that section 301 preempts the entire FAC because the whole complaint is really a breach of contract claim under the "artful pleading doctrine." Third, Defendant argues that section 301 preempts particular claims because they are intrinsically intertwined with the CBA. Finally, it argues that the provisions of the California Labor Code preempt certain of Plaintiffs' claims. This order will address each argument in turn.

### A. Lack of Exhaustion of the Dispute Resolution Process Is Not Fatal

Defendant asserts that Plaintiffs' alleged failure to exhaust the dispute resolution process provided for in the CBA bars their claims here. Defendant cites *14 Penn Plaza* for the proposition that if a collective bargaining agreement contains an exclusive

---

[3] The Court grants Defendant's request for judicial notice of the CBA because its authenticity is not contested and Plaintiffs' complaint relies at least in part on it. *Parrino*, 146 F.3d at 705-06.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

grievance and dispute resolution process for the claims at issue, a court is without authority to adjudicate those claims in the first instance. *14 Penn Plaza LLC v. Pyett*, -- U.S. --, 129 S. Ct. 1456 (2009). Defendant misapplies the holding in *14 Penn Plaza*. The Supreme Court simply held that "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of law." *Id.* at 1474. In contrast, where the arbitration provisions in a collective-bargaining agreement do not explicitly mandate arbitration for statutory claims, "the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80 (1998).

The arbitration provisions at issue here are, like the provisions in *Wright*, "very general." *Id.* They provide that any "dispute over matters relating to this Agreement" must proceed through a three-step dispute resolution process, culminating in binding arbitration. Ex. A, B, & D to Defendant's Request for Judicial Notice, Art. I, §§ 1:04-1:10. The provision in *Wright*, which the Court found too vague to waive the right to a judicial proceeding, provided for "arbitration of 'matters under dispute.'" *Wright*, 525 U.S. at 80. The Court found that this "could be understood to mean matters in dispute under the contract." *Id.* Here, the provision in the CBA is, if anything, more susceptible to the understanding that the arbitration clause covers only disputes about the contract.

Moreover, Plaintiffs allege in their FAC that they attempted to proceed under the dispute resolution mechanism, but that "the Union arbitrarily refused to arbitrate Plaintiffs' complaints." FAC ¶ 17. The Supreme Court has explained that under § 301, if an employee has "been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance," the employee "may seek judicial enforcement of his contractual rights." *Vaca v. Sipes*, 386 U.S. 171, 185 (1967). Thus, even if any of the claims are contractually based, Plaintiffs' alleged failure to exhaust prescribed remedies does not warrant dismissal.

### B. No Complete Preemption Under § 301

Defendant asserts that Plaintiffs' entire FAC is completely preempted by § 301 because it is really a breach of contract claim in disguise. The Court disagrees. "An application of state law is pre-empted by § 301 of the Labor Management Regulations

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

Act of 1947 only if such application *requires* the interpretation of a collective-bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) (emphasis added). A breach of contract claim would require interpretation of the CBA, but almost all of Plaintiffs' claims are based on claimed California statutory rights independent of the CBA. (There are seven claims under the Labor Code, one under the Government Code, and one under the Business and Professions Code.) As such, automatic complete preemption is not warranted. Instead, the Court must determine whether each state law claim is "inextricably intertwined with consideration of the terms in the labor contract" in order for preemption to be warranted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

### C. Section 301 Preemption of Particular Claims

In the alternative, Defendant argues that all of Plaintiffs' claims—except for claim two—are preempted under § 301 because they are either founded directly on rights created by the CBA or they are substantially dependent upon interpretation and analysis of the CBA. Motion at 10. Defendant divides the claims into four groups: 1) the "termination-related group;" 2) the "wage and hour" group ; 3) the "working conditions" group ; 4) and the "California Family Rights Act (CFRA)" group. Plaintiff accepts these classifications, but disagrees as to which claims fall under which heading.[4]

In order to determine if each type of claim survives a preemption challenge, the Court must determine whether each state law claim is "inextricably intertwined with consideration of the terms in the labor contract" in order for preemption to be warranted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). The Ninth Circuit has developed a three-question test to determine whether § 301 preempts a state statute:

---

[4]Plaintiff asserts that only claims seven, eight, and nine are termination related, while Defendant states that claims one and four are also termination related. Plaintiff and Defendant agree that claims one, three, five, and nine are wage and hour claims. While Defendant asserts that only claim eight involves working conditions, Plaintiff states that claims four and seven also involve working conditions. Both sides agree that claim ten is a CFRA claim, and that claim six, for Unfair Competition, is derivative of the other claims. The Court describes which claims fall into which categories below.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

(1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is "yes," and the answer to either the second or third is "no."

*Miller v. AT&T Network Systems*, 850 F.2d 543, 548 (9th Cir. 1988); *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1523 (9th Cir. 1995) (citing *Miller*).

      1. <u>Preemption</u> <u>of</u> <u>the "termination-related"</u> <u>claims</u> <u>(Claims 7, 8 and 9)</u>[5]

Defendant is correct that § 301 preempts the termination-related claims. The Plaintiffs' termination-related claims are inextricably intertwined with the CBA and implicate the first question in the *Miller* analysis because the CBA contains terms which affect Plaintiffs' prima facie case. Claims seven, eight, and nine, and the termination portion of claim four all rely on the assertion that Plaintiffs were terminated because of complaints about their working conditions or underpayment. FAC ¶¶ 34, 50-51, 56, 61; Cal. Labor Code §§ 98.6, 232.5, 6310. As Defendant explains, Motion at 16-18, the CBA contains numerous sections explaining in detail the project-based hiring process between Plaintiffs and Defendant. Ex. A, B, & D to Defendant's Request for Judicial Notice, Art. IV. The CBA provides that workers are retained on a project-by-project and an as-needed basis. Ex. A, B, & D to Defendant's Request for Judicial Notice §§ 4:04-4:13. These provisions are detailed and unusual; they could permit discharge of a worker without just cause. Thus, whether the Plaintiffs' termination resulted from their complaints or because their projects had ended and they had not been reassigned requires

---

[5] The Court classifies claims seven, eight, and nine as termination-related. Claim one is not termination-related, because it is a claim for withheld wages at the time of termination, not a dispute about whether termination was wrongful in the first place. Claim four is partially termination-related—it is termination-related to the extent that it claims wrongful termination for disclosure of the allegedly hazardous working conditions; its claim that Plaintiffs were forced to withhold information about those working conditions is not termination-related.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

an analysis of the terms of the CBA.

Plaintiffs argue that this question is a question of fact based on the timing of Plaintiffs' respective terminations relative to their complaints, compared with the state of completion of the project each Plaintiff was working on at that time. Opp'n at 18. However, the terms and intricacies of the appointment and retention system would need to be understood to complete this analysis, and this will require interpretation of the CBA. Thus, § 301 preempts claims seven, eight, and nine, and the termination portion of claim four.

2. No § 301 preemption of the "wage and hour" claims[6] (Claims 1, 3, 5)

Defendant argues that because the wage and hour claims require computation of damages based on an employee's regular rate of compensation, and because the CBA establishes complex and variable wage scales, Ex. A, B, & D to Defendant's Request for Judicial Notice §§ 3:01-3:04, the Court would need to refer to the CBA to compute damages, and the claims are therefore preempted. Motion at 11-15. Defendant is incorrect.

Even assuming that the Court would need to refer to the CBA to determine damages despite the availability of payroll records, this does not suffice to preempt an otherwise valid state law claim. As the Supreme Court noted in *Lingle*,

> A collective-bargaining agreement may, of course, contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled. . . . Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state-law claim, not otherwise pre-empted, would stand.

*Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12 (1988); *Gulden v. Crown Zellerbach Corp.*, 890 F.2d 195, 199 (9th Cir. 1989) (applying *Lingle*).

---

[6]The Court classifies claims one, three, and five as wage and hour claims. Claim nine refers to complaints about wage and hour violations, but it is also a termination-related claim, as discussed in the previous subsection.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

Defendants do not assert, and the Court does not find, any need to consult the CBA to determine liability under the statutes in question. Cal. Labor Code §§ 201, 226.7, & 510. These statutes create independent state rights, where liability is premised on the actions of the parties, not on the content of the contract. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000); *Lujan v. Southern Cal. Gas Co.*, 96 Cal. App. 4th 1200, 1211 (Ct. App. 2002). Therefore, § 301 does not preempt claims one, three, and five.

### 3. No preemption of the "working conditions" claim (Claim 4)

Nor does § 301 preempt the working conditions portion of claim four.[7] Defendant's only argument that the claim is inextricably intertwined with the CBA is that the Court would need to refer to a few short generic provisions in the CBA that require employees to comply with safety regulation and a provision establishing a "Qualified Safety Person (QSP) program." Ex. A, §§ 2:02, 6:01-6:03; Ex. B & D, §§ 2:02, 5:01-5:03. Cal. Labor Code § 232.5 is an independent state worker safety statute, which Defendant must comply with regardless of what the CBA says. *See Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 863 (9th Cir. 1987) ("California's OSHA regulations protect all workers, irrespective of any labor agreement."). The mere existence of a handful of provisions referring to a safety program in the CBA does not alter Defendant's statutory duty. As such, the working conditions portion of claim four is not preempted.

### 4. No preemption of the "California Family Rights Act (CFRA)" claim (Claim 10)

Likewise, § 301 does not preempt the CFRA claim—claim ten. The CFRA, Cal. Gov. Code § 12945.2, provides for an unconditional right to 12 weeks of unpaid family and medical leave in any 12-month period, so long as the employee has had at least 1,250 hours of service with the employer in the previous 12-month work period. *Id.* at § 12945.2(a); *see Dept. of Fair Employment & Housing v. Verizon California, Inc.*, 108 Cal. App. 4th 160, 171 (Ct. App. 2003) ("The only *unconditional entitlement* in the

---

[7]As discussed in the termination-related claims subsection, claim four has two parts: 1) forced non-disclosure of working conditions; and 2) termination for disclosure of those working conditions. Only the second portion of the claim is preempted.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

family leave act is for unpaid time off.").

Defendant claims that the Court cannot determine whether or not Plaintiff Mayfield (the only plaintiff alleging this claim) had worked 1,250 hours in the previous 12 months without consulting the shift schedule in the CBA. Surely, however, employers are required to keep a record of the hours an employee has worked. Thus, determining whether Plaintiff Mayfield has been eligible for unpaid leave should require only reference to the payroll records, not to the CBA. Thus, the CFRA claim is not preempted.

**D.     Preemption Under State Law**

<u>1. Cal. Labor Code § 229 preemption of claims one and three</u>

Defendant asserts that Cal. Labor Code § 229 preempts Plaintiffs' first and third claims. Section 229 applies to §§ 200-243 of the Cal. Labor Code (encompassing Plaintiffs' first and third claims) and reads:

> Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate. This section shall not apply to claims involving any dispute concerning the interpretation or application of any collective bargaining agreement containing such an arbitration agreement.

Cal. Labor Code § 229. Defendants have cited one case supporting their argument that the second sentence of this statute preempts Plaintiffs' first and third claims because they failed to arbitrate under the agreement. *Plumbing, Heating, and Piping Employers Council of N. Cal. v. Howard*, 53 Cal. App. 3d 828 (Ct. App. 1975), which did find a legislative policy favoring arbitration in collective bargaining agreements, which could prohibit judicial resolution. *Id.* at 834. However, the court also explained that its ruling was based on the fact "that an employee must seek to exhaust exclusive grievance and arbitration procedures established by the collective bargaining agreement before resorting to court action." *Id.* The court did not even address, much less hold, that an employee may not sue in court if he attempted to follow the CBA dispute procedures but was prevented from doing so. Accordingly, this Court reaches the same conclusion as set

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

forth above on page five: the claims are not preempted.

### 2. Preemption of Claim Five under Cal. Lab. Code § 514

Defendant is correct that Cal. Labor Code § 514 bars Plaintiffs' fifth claim under Cal. Labor Code § 510. Section 514 states:

> Section[] 510 . . . do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Labor Code § 514. Defendant cites to portions of the CBA showing that it expressly provides for the wages, hours of work, and working conditions of the employees, as well as providing a premium wage rate for all overtime hours worked. Ex. A, B, & D, § 2:04(a), Art. III, §§ 3:01, 3:02, & 3:04. In addition, the CBA provides an hourly rate of pay that is more than 30% greater than California's minimum wage at all relevant times. Ex. A-B, § 3:03(c); Ex. C; Ex. E; Ex. G.[8] As such, § 514 bars Plaintiffs' claim under § 510, so Plaintiffs' fifth claim is dismissed without leave to amend.

### E. Preemption of Claim Six to the Extent It Relies on Otherwise Preempted Claims

Claim six, violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, is a derivative claim and is based on the violation of the other statutes and policies described in the complaint. As such, the claim is dismissed as to those "subordinate" causes of action that this Order finds to be preempted, but not as to the other allegations.

## IV. CONCLUSION

---

[8]The Court takes judicial notice of Ex. G, the Industrial Welfare Commission's table of the history of the California minimum wage.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2150 AHM (FMOx) | Date | October 27, 2009 |
|---|---|---|---|
| Title | MAYFIELD *et al.* v. KAISER FOUNDATION HEALTH PLAN, INC. | | |

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss claims five, seven, eight, nine, and the termination portion of claim four.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |